Emery v. Wood Industries                CV-98-480-M    05/17/00

UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


John Emery,
     Plaintiff

     v.

Wood Industries, Inc.,
     Defendant


     And                                Civil No. 98-480-M
                                         (Consolidated Cases)
                                         Opinion No. 2000 DNH 120

John Emery,

     v.

Test-Rite International Co., Ltd.,
Test-Rite Product Corp., and
Anonymous II, Inc. (formerly Woods
Wire Products, Inc.),
     Defendants


                        **O R D E R**


     On January 27, 1996, John Emery was severely injured when an

allegedly defective voltage meter he was using exploded.  Emery

claims that each of the named defendants in these consolidated

cases either manufactured, designed, sold, or distributed that

product.  Defendants Test-Rite International (U.S.) Co., Ltd. ("Test Rite International") and Test-Rite Product Corporation ("TRP Corp.") move for summary judgment, asserting that they are not proper parties to this action.  Plaintiff objects, at least in part.

With regard to defendant Test-Rite International, plaintiff concedes that because it did not come into existence until after the voltage meter was manufactured, Test-Rite International could not have designed, manufactured, sold, or distributed the voltage meter.  Consequently, he agrees that "summary judgment is appropriate as to Test-Rite International (U.S.) Company, Ltd." Plaintiff's objection (document no. 20), at para. 8.  Thus, the parties' dispute focuses on whether summary judgment is appropriate with regard to TRP Corp.

## Standard of Review

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party

2

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling upon a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party carries its burden, the burden shifts to the nonmoving party to demonstrate, with regard to each issue on which it has the burden of proof, that a trier of fact could reasonably find in its favor. See DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).

3

At this stage, the nonmoving party "may not rest upon mere allegation or denials of [the movant's] pleading, but must set forth specific facts showing that there is a genuine issue" of material fact as to each issue upon which he or she bears the ultimate burden of proof at trial.  Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence."  International Assn. of Machinists and Aerospace Workers v. Winship Green Nursing Center, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).


## Discussion

The voltage meter at issue in this case was apparently manufactured some time before the Spring of 1987.  It was distributed in the United States by either Woods Industries, Inc. or its predecessor, Woods Wire Products, Inc.

4

In October of 1999, in response to plaintiff's interrogatories, TRP Corp. provided a sworn statement saying that it did not manufacture, distribute, or sell the voltage meter. See TRP Corp.'s answer to interrogatory no. 6.  Approximately six weeks later, defendant Woods Industries responded to plaintiff's interrogatories, saying that its records reveal that the voltage meter was manufactured (and subsequently sold to Woods Wire Products, Inc.) by Test-Rite International, Ltd., a company headquartered in Taiwan.  See Woods Industries' answer to interrogatory no. 7 (Exhibit B to defendants' motion for summary judgment).  Documents produced during discovery support that assertion, and reveal that in correspondence with the Taiwan company Woods Wire discussed perceived design defects in the voltage meter and asked that those defects be remedied.  See Exhibit F to defendant's motion.

In light of all the information produced during discovery, TRP Corp. moves for summary judgment, asserting that it is simply not a proper party to this litigation.  In short, it says that it

did not design, manufacture, distribute, or sell the voltage meter that allegedly caused plaintiff's injuries. In response, plaintiff claims:

> [T]here remains a genuine issue of material fact as to whether [TRP Corp.] could have been involved in the design, manufacture, distribution and/or sale of the subject voltage meter. . . . It has been established, through the course of discovery, that the voltage meter in question was manufactured some time before the spring of 1987. . . . Although Ms. Shih testified, during her deposition, that a check of the company records revealed that [TRP Corp.] did not manufacture the subject voltage meter, the records only go back as far as 1992. As such, there remains an issue of material fact as to whether [TRP Corp.] was involved in the manufacture of the subject voltage meter.

Plaintiff's objection, at 2-3 (citations omitted). The court disagrees.

As noted above, once the party moving for summary judgment has produced evidence demonstrating its entitlement to judgment as a matter of law, the non-moving party must specifically identify those portions of the record that establish a genuine issue of material fact. To carry that burden, the non-moving

6

party may not simply rely upon unsupported denials of the movant's pleading. Instead, he must identify specific evidence showing that there is a genuine issue of material fact as to each issue as to which he bears the ultimate burden of proof at trial. See DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997). Here, plaintiff has failed to carry that burden.

That the voltage meter was manufactured at some time during the corporate existence of TRP Corp., and that TRP Corp.'s records do not extend back to that date, are insufficient to permit a reasonable trier of fact to conclude that TRP Corp. designed, manufactured, distributed, or sold that product. Simply stated, the absence of evidence, at least in this case, is not evidence of manufacture, design, distribution or sale of the voltage meter at issue. The lack of any link between TRP Corp. and the voltage meter is underscored by Woods Industries' sworn statement that the product it distributed was manufactured and/or designed in Taiwan, by Test-Rite International (Taiwan) Ltd. It is further supported by TRP Corp.'s sworn discovery responses

7

denying that it ever had anything to do with the voltage meter and asserting that Woods Wire was never one of its customers.

Little more need be said.  TRP Corp. has pointed to evidence in the record supporting its assertion that it never designed, manufactured, distributed, or sold the voltage meter at issue in this case and, therefore, is not a proper party to this litigation.  In response, plaintiff has done little more than speculate that, notwithstanding the evidence to the contrary, it is still conceivable, or possible, that TRP Corp. could have had some involvement in the design, manufacture, distribution, or sale of the voltage meter.  Speculation, however, is insufficient and plaintiff has failed to point to any evidence in the record supportive of that assertion.

Absent some evidence linking TRP Corp. with the allegedly defective voltage meter, there is no "genuine dispute" as to whether it designed, manufactured, distributed, or sold that product, see generally International Assn. of Machinists, 103

8

F.3d at 199-200, and it is entitled to judgment as a matter of law.[1]

## Conclusion

For the foregoing reasons, the motion for summary judgment submitted by defendants Test-Rite International (U.S.) Co., Ltd. and Test-Rite Product Corporation (document no. 19) is granted. The Clerk of Court shall enter judgment in favor of those defendants in accordance with the terms of this order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

---

[1] Parenthetically, the court notes that plaintiff filed his objection to summary judgment nearly three months ago. Presumably, discovery has been ongoing. Nevertheless, plaintiff has failed to supplement his objection with any references to documents, testimony, or other evidence supportive of his belief that TRP Corp. might have had some hand in the design, manufacture, distribution, or sale of the voltage meter. Of course, if he believed that additional discovery might have revealed such evidence, he certainly could have sought more time within which to object to defendants' motion for summary judgment. See Fed. R. Civ. P. 56(f). He did not.

9

May 17, 2000

cc:  Scott A. Ewing, Esq.
     Richard E. Mills, Esq.
     Nicholas K. Holmes, Esq.